IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVIE WAYNE JOHNSON, #33435-077** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:14-CV-0909-D-BK | |
| § | | |
| **MEJIA, Warden, FCI Seagoville,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner at FCI Seagoville, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, which was automatically referred to the Magistrate Judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, this action should be summarily dismissed.

**I. BACKGROUND**

In 2001, Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Cocaine, and Possession with Intent to Distribute Cocaine, and was sentenced to 240 months' imprisonment on both counts, with the sentences to run concurrently.  *United States v. Johnson*, No. 9:99-CR-0027 (E.D. Tex., Lufkin Div., 2001), *aff'd*, No. 01-41387 (5th Cir. 2002). Petitioner unsuccessfully sought relief under 28 U.S.C. § 2255 and F<small>ED</small>. R. C<small>IV</small>. P. 60(b).  *See Johnson v. United States*, No. 9:04cv127 (E.D. Tex. Dec. 20, 2004) (dismissing section 2255 motion as time barred), *certificate of appealability denied*, No. 05-40242 (5th Cir. 2006); *Johnson v. United States*, No. 3:12cv207 (E.D. Tex.) (recommendation pending) (construing Rule 60(b)(6) motion as a section 2255 and dismissing as successive but without prejudice to petitioner's right to re-file the 60(b)(6) motion in case number 9:04cv127); *Johnson v. United*

*States*, No. 9:13cv223 (E.D. Tex. 2014) (dismissing without prejudice successive section 2255 motion).

Undeterred, Petitioner filed this section 2241 petition alleging actual innocence as a result of a "substantial Due Process Clause violation." [Doc. 3 at 5]. He maintains that his "conviction for the crimes charged in the Second Superseding Indictment is a fraud and in violation of the Due Process Clause." [Doc. 3 at 5]. Petitioner states that the judgment of conviction "is misleading in that it identifies a guilty plea," even though he did not plead guilty and elected instead to proceed to trial. [Doc. 3 at 5]. He further claims that "the government actually presented and prosecuted [the] dismissed First Superseding Indictment, in place of the Second Superseding Indictment." [Doc. 3 at 5-6]. Petitioner, thus, requests "[r]eview of [the] underlining constitutional claim, and immediate release." [Doc. 3 at 8]. When asked to explain if the section 2255 remedy was "inadequate or ineffective to test the legality of [his] detention," Petitioner asserts the law was recently clarified to recognize that "the actual innocence exception survived the enactment of AEDPA." [Doc. 3 at 9].

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[1]

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers,* 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*).[2]

Here, Petitioner fails to show that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention. He cannot rely on section 2241 merely because he cannot seek relief under section 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver,* 211 F.3d at 878) (holding that prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective).

---

[2] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).

Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241. *See Padilla,* 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

It is well established that "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382. In this case, however, Petitioner cannot demonstrate that he was convicted of a nonexistent offense. His claim is not premised on a retroactively-applicable Supreme Court decision calling into question to validity of his conviction of drug trafficking offenses under 21 U.S.C. §§ 841 and 846.

Moreover, Petitioner's attempt to proceed under the "savings clause" with a claim based on the holding of *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924 (2013), is equally unavailing. In *McQuiggin*, the Supreme Court held that a proven claim of actual innocence survives a procedural bar or limitations under the AEDPA. 133 S. Ct. at 1928. However, the impediment to Petitioner's section 2241 habeas petition is not that it is untimely, it is that he does not meet the substantive criteria for bringing his petition under the "savings clause." In other words, nothing in *McQuiggin* decriminalizes the conduct for which Petitioner was convicted. *See Grifin v. Longley*, No. 13–60105, 548 Fed. Appx. 146, 147 (5th Cir. Dec. 3, 2013) (affirming dismissal of § 2241 petition under the "savings clause" because *McQuiggin* and *Alleyne* "do not support a holding that [the petitioner's] claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted [in 1999] of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised.").

In summary, Petitioner has failed to establish that the section 2255 remedy is inadequate or ineffective and, thus, his claims do not fall within the savings clause of section 2255(e).

Furthermore, Petitioner cannot establish that he was convicted of a nonexistent offense. Accordingly, Petitioner is not entitled to relief under section 2241 and his petition should be dismissed without prejudice for want of jurisdiction. *Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of jurisdiction because petitioner failed to show section 2255 remedy was inadequate or ineffective).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for lack of jurisdiction.

SIGNED May 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE